# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE HAMBLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2127 JCH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's submission of a complaint for judicial review of a decision by the Commissioner of Social Security. Upon review of the complaint, it appears that subject matter jurisdiction is lacking. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. See Fed. R. Civ. P. 12(h)(3).

In his complaint and attached exhibits, plaintiff represents that he received an unfavorable decision from an administrative law judge ("ALJ") on May 20, 2010. Plaintiff does not allege that he sought review of the unfavorable decision from the Appeals Council. Nor does plaintiff allege that the Appeals Council reviewed the decision despite his failure to seek review.

The Social Security Act's requirement that there be a "final decision" made by the Commissioner after a hearing is a prerequisite which must be met before a district court has subject matter jurisdiction to review a claim. Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975). "[A] 'final decision' by the SSA is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." Pollard v. Halter, 377 F.3d 183 (2nd Cir. 2004); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004).

Because there is no indication that the Appeals Council considered the unfavorable decision by the ALJ, it appears that plaintiff never received a "final decision" from the Commissioner, and this Court, therefore, does not have subject matter jurisdiction over the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this order why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this order, this action will be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

Dated this 15th day of December, 2011.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE